943 F.2d 50
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bobby Earl BISSETTE, Defendant-Appellant.
 No. 91-5507.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 23, 1991.
Decided Sept. 5, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CR-90-58)
 George B. Currin, Cheshire, Parker, Hughes & Manning, Raleigh, N.C., for appellant.
 Margaret Person Currin, United States Attorney, Jane H. Jolly, Assistant United States Attorney, John Stuart Bruce, First Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL, PHILLIPS and MURNAGHAN, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Bobby Earl Bissette appeals from his conviction for possessing with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and possessing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). He claims that the court erred in (1) denying his motion to suppress evidence seized pursuant to a warrant allegedly unsupported by probable cause and (2) denying his motion for a judgment of acquittal on the count charging possession of a firearm in relation to a drug trafficking offense. We affirm.
 
 
 2
 In an affidavit supporting an application for a warrant to search appellant's apartment, Detective D.S. Overman of the Raleigh Police Department stated that he had received information that a person identified as "Bobby" was selling drugs at the Bourbon Street Bar. Overman stated that he sought help from an informant who had been reliable in the past and who had previously identified marijuana for him. The informant identified the dealer as "Bobby" and found out that he lived in an apartment at 105 Park Avenue. The informant saw "Bobby" with marijuana in this apartment in the seventy-two hours preceding the application for the warrant. Finally, Overman stated that on several occasions, he had seen a white male leaving this apartment driving a business truck. Sources at this business stated that the truck was driven by someone named "Bobby."
 
 
 3
 Probable cause is defined as "a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). Where an application for a warrant is supported by information from an informant, probable cause is based on the "totality of the circumstances." Id. That is, the informant's reliability and credibility, his basis of knowledge, and independent corroboration by the police may be intertwined elements which establish probable cause. Id. at 214. However, in determining whether probable cause exists, the magistrate may not simply ratify the conclusions of others. Id. at 239. The affidavit must give sufficient information for an independent determination of probable cause. Id.
 
 
 4
 In reviewing the magistrate's probable cause determination, we must accord "great deference" to the magistrate's assessment of the facts presented to him. United States v. Blackwood, 913 F.2d 139, 142 (4th Cir.1990). We may ask only whether the magistrate had a " 'substantial basis ... for conclud[ing] that probable cause existed.' " Gates, 462 U.S. at 238-39 (quoting Jones v. United States, 362 U.S. 257, 271 (1960)).
 
 
 5
 We think that the magistrate in this case had before him a substantial basis for concluding that probable cause existed under the totality of the circumstances test. After obtaining information on a dealer named "Bobby," Overman sought the assistance of a previously relied-on informant who had identified marijuana in the past. This informant actually observed "Bobby" in his apartment with marijuana within seventy-two hours of the warrant application. Overman also saw the occupant of this apartment driving a truck owned by Buildspec, Inc. Sources there stated that an employee named "Bobby" drove such a truck. This information considered as a whole provided a substantial basis for the magistrate to conclude that there was a fair probability that illegal drugs would be found at the apartment described in the warrant application. We therefore find that the district court did not err in denying appellant's motion to suppress.
 
 
 6
 Appellant's second contention is that the court erred in denying his motion for a judgment of acquittal on the count charging possession of a firearm during and in relation to a drug trafficking crime. On review, we must determine whether there is no substantial evidence in the record to support the jury's finding that the defendant is guilty beyond a reasonable doubt. United States v. Stockton, 788 F.2d 210, 218 (4th Cir.), cert. denied, 479 U.S. 840 (1986). In doing so, we must construe the evidence in the light most favorable to the prosecution. Id.
 
 
 7
 The search of the appellant's apartment revealed approximately four pounds of marijuana, three ounces of cocaine, cutting agents, gram scales, $940.00 in cash, a loaded .44 caliber pistol, and extra ammunition. The cash and pistol were found in a bedroom under the mattress on opposite ends of the bed. Although the drugs and paraphernalia were located in various areas throughout the apartment, there was a jar containing 55.1 grams of cocaine in the bedroom closet about six feet away from the mattress.
 
 
 8
 Constructive possession of a firearm in relation to a drug trafficking offense is sufficient to establish use. United States v. Paz, 927 F.2d 176 (4th Cir.1991). As we stated in Paz, "the weapon need not be brandished or displayed. Rather, 'it is enough if the firearm is present for protection and to facilitate the likelihood of success, whether or not it is actually used.' " 927 F.2d at 179 (quoting United States v. Brockington, 849 F.2d 872, 876 (4th Cir.1988)). Given the proximity of the gun, the money, and the cocaine in this case, we find no error in the district court's denial of the motion for acquittal.
 
 
 9
 Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.