30 F.3d 131
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Bobby Earl BISSETTE, Defendant-Appellant.
 No. 94-6486.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 26, 1994
Decided Aug. 5, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge, (CR-90-58, CA-94-113-5)
 Bobby Earl Bissette, Appellant Pro Se.
 Jane H. Jolly, Assistant United States Attorney, Raleigh, NC, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before MURNAGHAN and HAMILTON, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Bobby Earl Bissette appeals from a district court order granting summary judgment in favor of Appellee in Bissette's 28 U.S.C. Sec. 2255 (1988) motion. We affirm.
 
 
 2
 Bissette first contends that he received ineffective assistance of counsel. Bissette's numerous claims may be grouped into general bases for relief.
 
 
 3
 First, Bissette claims that his attorney erred in not presenting a circuit authority split during his prosecution and appeal. Bissette contends that the circuits are split on what constitutes "use" of a firearm with regard to a 18 U.S.C.A. Sec. 924(c) (West 1975 & Supp.1993) charge. Assuming, arguendo, that there is some difference in various circuits' approach to Sec. 924(c), there are two problems with Bissette's contention. One, the facts involved in Bissette's conviction are inapposite to those cases he cites in favor of other courts' approaches. Two, the issue of what constitutes "use" of a weapon with regard to Sec. 924(c) is too well-settled in this Court to find that any outcome other than affirmance would have prevailed in his direct appeal with regard to his Sec. 924(c) conviction. Any error of Bissette's attorney was harmless, because Bissette has failed to prove the required prejudice. Strickland v. Washington, 466 U.S. 668, 694 (1984).
 
 
 4
 Second, Bissette contends that his counsel failed to inform the district court that he was forced to plead not guilty. Bissette had no right to engage in plea negotiations. Weatherford v. Bursey, 429 U.S. 545, 561 (1977). His attorney did not err in raising such a frivolous point at trial.
 
 
 5
 Third, Bissette contends that his attorney failed to argue lack of indictment on a shotgun as a defense to indictment and prosecution on a pistol under Sec. 924(c). Bissette failed to show, or even allege, that the trial would have come out differently had his attorney so argued. Thus, he failed again to show the required prejudice; his claim must fail. Strickland, 466 U.S. at 694.
 
 
 6
 Fourth, Bissette contends that his attorney failed to present unpreserved claims on appeal. Generally, issues not objected to at trial can be raised for the first time on appeal only if they amount to plain error. Fed.R.Civ.P. 52(b). However, Bissette does not identify any of the issues counsel allegedly overlooked; thus, counsel cannot be found to have erred, and no prejudice to Bissette is apparent.
 
 
 7
 Fifth, Bissette claims that the prosecution engaged in misconduct by not engaging in plea negotiations. For the same reason, this claim is no more successful in this guise than it was as raised in Bissette's ineffective assistance claims.
 
 
 8
 Bissette's final two claims, one of prosecutorial misconduct or error by counsel and one of this Court's duty to correct error in our earlier opinion, involves a mislabelling in this Court's opinion in Bissette's direct appeal. United States v. Bissette, No. 91-5507, 1991 WL 169315 (4th Cir. Sept. 5, 1991) (unpublished). This Court stated that 55.1 grams of cocaine were found in a bedroom closet near Bissette's bed, under the mattress of which Bissette had a pistol. It is now uncontested that the closet, while still only feet away from the bed, was actually a hall closet containing cocaine. Nonetheless, the mislabelling of the closet is immaterial. See id. at * * 2. Thus, error, if any, was harmless, and would not have changed our view on the merits of sufficiency of the evidence regarding the Sec. 924(c) charge.
 
 
 9
 The district court properly granted summary judgment in favor of the government. We deny Bissette's motion for appointment of counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED